1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

SHANELL K. DUNCAN,

Plaintiff,

10

v.

11

PIERCE COUNTY, et al.,

12

Defendants.

CASE NO. 3:23-CV-5659-MJP-DWC

REPORT AND RECOMMENDATION

Noting Date: October 6, 2023

13

14

Plaintiff Shanell K. Duncan, proceeding *pro se*, filed this civil rights complaint under 42

15

U.S.C. § 1983. On April 5, 2023, Plaintiff initiated a separate case raising the same allegations

16

against many of the same defendants. *See Duncan v. Allen, et al.*, Case No. 3:23-cv-5285-MJP-

17

DWC ("original case"). Based on the initiation of the above-captioned case, the Court has given

18

Plaintiff leave to amend in Plaintiff's original case. As Plaintiff has been given an opportunity to

19

amend the complaint in the original case, the Court recommends this case be dismissed as

20

duplicative.

21

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation."

22

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain

23

two separate actions involving the same subject matter at the same time in the same court and

24

against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir.

REPORT AND RECOMMENDATION - 1

1  2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After

2  weighing the equities of the case, the district court may exercise its discretion to dismiss a

3  duplicative later-filed action." *Id.* at 688. Thus, a district court may dismiss an action that is

4  clearly duplicative of a pending, earlier-filed action. *See e.g., Diaz v. Frauenheim*, 2020 WL

5  730849, at *3 (C.D. Cal. Feb. 12, 2020).

6      Plaintiff is currently being allowed to amend his complaint in cause number 3:22-cv-

7  5285-MJP-DWC, the earlier-filed action. Now that Plaintiff has been given an opportunity

8  amend his complaint in the original case and bring all his claims under cause number 3:22-cv-

9  5285-MJP-DWC, the Court has discretion to dismiss this matter as duplicative. Therefore, the

10  undersigned recommends the IFP Application (Dkt. 1) be denied and this case be dismissed

11  without prejudice.

12      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

13  fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

14  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

15  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

16  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

17  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

18  imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

19  October 6, 2023, as noted in the caption.

20      Dated this 19th day of September, 2023.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 2